IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Storage Center Platt Springs, LLC, <br><br> Plaintiff, <br><br> v. <br><br> First American Title Insurance Co., <br><br> Defendant. | **NOTICE OF REMOVAL** <br> **(Case No. 2019-CP-40-00404)** <br> **(Court of Common Pleas)** |

**TO:  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION; THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT, RICHLAND COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant First American Title Insurance Company ("First American") gives notice of removal of this action from the Court of Common Pleas, Fifth Judicial Circuit, County of Richland, State of South Carolina.

As grounds for removal, First American states as follows:

A.  Factual and Procedural Background

1. First American is the sole defendant in a civil action filed in, and pending before, the Court of Common Pleas, Fifth Judicial Circuit, County of Richland, State of South Carolina, captioned *The Storage Center Platt Springs, LLC v. First American Title Ins. Co.,* Case No. 2019-CP-40-00404 ("State Court Action").

2. The Storage Center Platt Springs, LLC ("Plaintiff") alleges in 2007 it purchased property in Lexington County, South Carolina, for $668,850. *Complaint* ¶¶ 9-12. First American issued a policy of title insurance to Plaintiff. *Id.* ¶ 16. In February 2010, a neighbor filed an action against Plaintiff seeking a declaratory judgment with regard to its title to use a 50' road and gravel drives. *Id.* ¶ 21.

3.     First American provided a defense to Plaintiff. *Id.* ¶ 22.

4.     The case went to the South Carolina Supreme Court which upheld a judgment in favor of the neighbor. *Id.* ¶ 24.

5.     Plaintiff alleges that on "September 6, 2018, and in bad faith, First American unilaterally declared that the diminution in value of the property given the existence of the easement was $110,000.00 and without any input from its insured, First American issued a check in that amount declaring that it would be 'moving forward with closure of [its] file.'" *Id.* ¶ 32.

6.     Plaintiff asserts causes of action against First American for "Bad Faith/Breach of Obligation of Good Faith and Fair Dealing" and "Improper Claims Practices."

B.     <u>Diversity Jurisdiction and Removal</u>

7.     Plaintiff is a limited liability company organized under and existing by virtue of the laws of the State of South Carolina with its primary place of business in South Carolina. *Id.* ¶ 1.

8.     First American is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business located in the State of California.

9.     Complete diversity exists between Plaintiff and First American in the State Court Action satisfying 28 U.S.C. § 1332(a)(1).

10.    Plaintiff alleges it purchased the subject property in 2007 for $668,850, but that title to the subject property is now subject to a cloud on title covered by the title insurance policy issued by First American. *Id.* at ¶¶ 12, 28.

11.    Plaintiff alleges it has suffered "significant carry costs and lost investment opportunity." *Id.* at ¶ 30.

12. Plaintiff argues its losses are appreciably greater than $110,000. *Id.* at ¶¶ 33, 38. Plaintiff prays for a judgment "sufficient to compensate it fully for all losses" and for punitive damages. *Id.* at ¶¶ 39, 42.

13. The insured amount under the title insurance policy issued by First American is $668,850.00.

14. The relief sought by Plaintiff exceeds $75,000, exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a).

15. Based upon the foregoing, there is complete diversity of citizenship between Plaintiff and First American and the amount in controversy exceeds the jurisdictional requirement of $75,000.

16. The State Court Action therefore is an action over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332, and is properly removable under 28 U.S.C. § 1441(a) to the District Court of the United States embracing the place where such action is pending.

17. First American, as the only defendant in the State Court Action, files this Notice of Removal and consents to the removal of the State Court Action.

18. This Notice of Removal is timely under 28 U.S.C. § 1446(b). First American was served with the Summons and Complaint, the initial pleadings, on January 28, 2019.

19. Under 28 U.S.C. § 1441(a), venue for this action is proper in the United States District Court for the District of South Carolina, Columbia Division, which is the district embracing the place where the State Court Action is pending.

20. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon First American in the State Court Action are attached as **Exhibit "A."**

21. Written notice of the filing of this Notice of Removal is being served on Plaintiff's counsel this date.

22. First American will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, Fifth Judicial Circuit, County of Richland, State of South Carolina, as required by 28 U.S.C. § 1446(d).

23. First American reserves all defenses to Plaintiff's claims.

ACCORDINGLY, First American removes this action to the United States District Court for the District of South Carolina, Columbia Division, and gives notice to Plaintiff and to the Court of Common Pleas, Fifth Judicial Circuit, County of Richland, State of South Carolina, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

**CALLISON TIGHE & ROBINSON, LLC**

/s/ Louis H. Lang
Demetri K. Koutrakos, Fed. I.D. No. 6989
Louis H. Lang, Fed. Id. No. 240
1812 Lincoln Street
Columbia, South Carolina 29201
Telephone: (803) 404-6900
Email: jimkoutrakos@callisontighe.com
          louislang@callisontighe.com

*Attorneys for the Defendant*

February 27, 2019
Columbia, South Carolina