ELECTRONICALLY FILED - 2019 Jan 21 12:10 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTH JUDICAL CIRCUIT |
| COUNTY OF RICHLAND ) | CIVIL ACTION NO.: 2019-CP- |
| ) | |
| The Storage Center Platt Springs, LLC, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED! |
| First American Title Insurance Co., ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Charleston, South Carolina
January 21, 2019

**BLAND RICHTER, LLP**
*Attorneys for Plaintiff*

s/Ronald L. Richter, Jr.
Ronald L. Richter, Jr. (SC Bar No. 66377)
Scott M. Mongillo (SC Bar No. 16574)
Peoples Building
18 Broad Street, Mezzanine
Charleston, South Carolina 29401
Telephone 843.573.9900
Facsimile 843.573.0200
ronnie@blandrichter.com
scott@blandrichter.com

Eric S. Bland (SC Bar No. 64132)
1500 Calhoun Street
Post Office Box 72
Columbia, South Carolina 29202
Telephone 803.256.9664
Facsimile 803.256.3056
ericbland@blandrichter.com

**EXHIBIT A**

ELECTRONICALLY FILED - 2019 Jan 21 12:10 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTH JUDICAL CIRCUIT |
| COUNTY OF RICHLAND ) | CIVIL ACTION NO.: 2019-CP- |
| ) | |
| The Storage Center Platt Springs, LLC, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (Insurance Bad Faith) |
| vs. ) | |
| ) | |
| First American Title Insurance Co., ) | JURY TRIAL DEMANDED! |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, complaining of the conduct of the Defendant herein, alleges and says as follows:

### Parties & Jurisdiction

1. The Plaintiff, Storage Center Platt Springs, LLC (hereinafter "Storage Center") is a South Carolina limited liability company which was organized for the purpose of acquiring land in order to develop and operate a storage facility in Lexington, South Carolina.

2. Upon information and belief, Defendant First American Title Insurance Company (First American) is a corporation existing under the laws of one of the several states of the United States which transacts business, maintains agents and insures interests within the State of South Carolina.

3. This court has jurisdiction over the parties to and the subject matter of this litigation.

### Factual Background

4. In or around 1974, a company then known as Congaree Associates purchased a tract of real property located along South Carolina Highway 6 in Lexington County.

5. In the years following 1974, Congaree Associates subdivided and sold portions of its property.

6. On or about September 23, 1986, Congaree Associates subdivided and sold a portion of its property to James T. Loflin ("Loflin") consisting of approximately .68 acres and having approximately 120 linear feet of road frontage along South Carolina Highway 6.

7. In its conveyance to Loflin, the deed from Congaree Associates made reference to a plat depicting the Loflin property, which plat had been recorded with the Lexington County RMC Office on September 11, 1986, at Plat Book 212-G at Page 204. The plat revealed the existence of a "50' Road" running perpendicular to South Carolina Highway 6 along the southern border of the property being conveyed to Loflin and across the land then still retained by Congaree Associates.

8. Over the years, the parcel of property conveyed by Congaree Associates to Loflin was re-conveyed several times before ultimately being acquired by David R. Gooldy "Gooldy" on January 24, 2002. Each conveyance, including the conveyance into Gooldy, made reference to the plat of record depicting the supposed "50' Road" which cut into the remaining property of Congaree Associates.

9. Prior to September, 2007, Storage Center was searching for a parcel of real property in or around the Lexington County Platt Springs Road area which it could acquire for the purpose of developing and operating a mini-storage center.

10. At that time, the balance of the Congaree Associates property was available for sale. After having conveyed most of its holdings, the balance of the property consisted of approximately 7.35 acres, including most notably road frontage on South Carolina Highway 6 both to the north and to the south of the property then owned by Goodly. In essence, the Congaree Associates property formed a "horseshoe" around the property owned by Goodly.

ELECTRONICALLY FILED - 2019 Jan 21 12:10 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

11. It was material to Storage Center that the property included frontage along South Carolina Highway 6 and the ability to create a circle drive using the property which existed to the north and south of the Goodly parcel.

12. In 2007, Storage Center entered into a contract to purchase the Congaree Associates property for the purchase price of $668,850.00.

13. The sale of the property from Congaree Associates to Storage Center was contingent upon Congaree Associates' ability to convey clear title.

14. The plat referenced in the Goodly property deed had been of record for approximately 19 years and depicted a "50' Road" which would exist on the property being acquired by Storage Center.

15. Ignorant of the "50' Road," Storage Center acquired the Congaree Associates property on September 27, 2007.

16. First American issued a policy of title insurance to Storage Center in conjunction with Storage Center's acquisition of the property, through which First American insured that Storage Center had obtained good and marketable title, through which First American had agreed to defend the title against claims by third parties and through which First American agreed to indemnify Storage Center for losses associated with a defect in the title.

17. Including closing costs, Storage Center invested $675,066.35 into the property on the day of closing.

18. Shortly following its acquisition of the property, Storage Center erected chain barricades to prevent the further trespass by Gooldy onto its property across the 50' Road.

19. After the erection of the barricades, Gooldy demanded that the barricades be removed, particularly as it related to the barricade across the southern gravel driveway as that driveway was constructed within the "50' Road" which had been referenced in Gooldy's deed.

ELECTRONICALLY FILED - 2019 Jan 21 12:10 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

20. The property which Storage Center had acquired was essentially useless to them in that they could not go forward with any plan of development given the clouds on their title and the uncertainty of their ability to access the property from South Carolina Highway 6.

21. The uncertainty with regard to the property title culminated with a lawsuit. On February 1, 2010, Gooldy sued Storage Center in Lexington County, South Carolina, seeking a declaratory judgment with regard to its title and right to use the "50' Road" and gravel drives and further seeking injunctive relief against Storage Center.

22. In accordance with its contract of insurance, First American provided legal counsel to defend the lawsuit and to advance the legal position that the 50' Road was not an easement of record and that Storage Center owned the exclusive right to use the entire property, including the area encompassed by the 50' Road.

23. Gooldy won his case at the trial court level and won a declaration that he was entitled to ingress and egress across the 50' Road.

24. The trial court decision was reversed on appeal and was ultimately reversed again back in Gooldy's favor by a decision of the South Carolina Supreme Court on November 14, 2017.

25. When Storage Center purchased the property on September 27, 2007, there were no other storage center facilities in the area.

26. Storage Center relied on the existence of coverage in proceeding with its acquisition of the subject property.

27. When Storage Center purchased the property on September 27, 2007, it planned to develop the site into a storage center facility through which it needed two points of ingress and egress, including specifically the access represented by the 50' Road.

4

28. Given the cloud on title and the uncertainly of access, Storage Center was unable to go forward with its plan of development and instead was forced to carry the property and to incur all of the cost and expense of such carry while realizing none of the investment opportunity.

29. In the decade of litigation that followed, several other storage center facilities were developed in the immediate area of the property making it economically non-viable to pursue the development of a storage center.

30. In addition to the significant carry costs and lost investment opportunity suffered by Storage Center, the property itself is significantly less valuable with the existence of the Goodly easement than it would be without it.

31. On August 30, 2018, Storage Center sent notice to First American of its intent to pursue a claim against its policy for the losses it suffered related to the acquisition and holding of the property.

32. On September 6, 2018, and in bad faith, First American unilaterally declared that the diminution in value of the property given the existence of the easement was $110,000.00 and without any input from its insured, First American issued a check in that amount declaring that it would be "moving forward with closure of [its] file."

33. Storage Center's losses are appreciable greater than $110,000.00.

### For a First Cause of Action
### Bad Faith / Breach of Obligation of Good Faith and Fair Dealing

34. Paragraphs 1 through 33 above are incorporated herein as if realleged and restated verbatim.

35. At all times relevant hereto, there was a mutually binding contract of insurance between the Storage Center and First American.

5

36. First American has refused to pay benefits due under the contract and has refused to accept evidence of such losses from its insured.

37. First American acted in bad faith and/or in an unreasonable breach of its implied covenant of good faith and fair dealing arising on the policy by unilaterally declaring the loss suffered by its insured without so much as entertaining evidence from its insured as to the calculation of damage.

38. Storage Center has been damaged by the actions of First American in that its losses are appreciably higher than the $110,000.00 paid.

39. The Plaintiff is entitled to and prays for judgment against the Defendant, both actual, in an amount sufficient to compensate it fully for all losses herein, and punitive, in an amount sufficient to impress upon the Defendant the seriousness of its conduct and to deter such similar conduct in the future.

### For a First Cause of Action
### Improper Claims Practices

40. Paragraphs 1 through 39 above are incorporated herein as if realleged and restated verbatim.

41. The acts of the Defendant herein constitute improper claims practices in that First American has:

    a. failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;

    b. not attempted in good faith to effect prompt, fair, and equitable settlement of claims submitted to it in which liability has become reasonably clear.

    c. offered to settle claims for an amount less than the amount otherwise reasonably due or payable based upon the possibility or probability that the

ELECTRONICALLY FILED - 2019 Jan 21 12:10 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

ELECTRONICALLY FILED - 2019 Jan 21 12:10 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

      policyholder or claimant would be required to incur attorneys' fees to recover the amount reasonably due or payable; and

   d. has threatened to invoke policy defenses, not in good faith and with a reasonable expectation of prevailing with respect to the policy defense, but for the primary purpose of discouraging or reducing a claim.

42. The Plaintiff is entitled to and prays for judgment against the Defendant, both actual, in an amount sufficient to compensate it fully for all losses herein, and punitive, in an amount sufficient to impress upon the Defendant the seriousness of its conduct and to deter such similar conduct in the future.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, both actual, in an amount sufficient to compensate it fully for all losses herein, and punitive, in an amount sufficient to impress upon the Defendants the seriousness of their conduct and to deter such similar conduct in the future.

| | |
|---|---|
| Charleston, South Carolina<br>January 21, 2019 | **BLAND RICHTER, LLP**<br>*Attorneys for Plaintiff*<br><br>s/Ronald L. Richter, Jr.<br>Ronald L. Richter, Jr. (SC Bar No. 66377)<br>Scott M. Mongillo (SC Bar No. 16574)<br>Peoples Building<br>18 Broad Street, Mezzanine<br>Charleston, South Carolina 29401<br>Telephone 843.573.9900<br>Facsimile 843.573.0200<br>ronnie@blandrichter.com<br>scott@blandrichter.com<br><br>Eric S. Bland (SC Bar No. 64132)<br>1500 Calhoun Street<br>Post Office Box 72<br>Columbia, South Carolina 29202<br>Telephone 803.256.9664<br>Facsimile 803.256.3056<br>ericbland@blandrichter.com |

ELECTRONICALLY FILED - 2019 Jan 30 12:15 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4000404

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTH JUDICAL CIRCUIT |
| COUNTY OF RICHLAND ) | CIVIL ACTION NO.: 2019CP4000404 |

The Storage Center Platt Springs, LLC, )
)
      Plaintiff, )  **CERTIFICATE OF SERVICE**
)  **CERTIFIED MAIL**
vs. )
)
First American Title Insurance Co., )
)
      Defendant. )
)

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
*As Agent for Service for*
*First American Title Insurance Company*
1703 Laurel Street
Columbia, SC 29201

9590 9402 1816 6074 1118 55

2. Article Number *(Transfer from service label)*

7016 0910 0000 4926 7486

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*: Trey Withers
C. Date of Delivery: 1/28/19

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☒ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt